UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RALPH ZAMMILLO,

                           Plaintiff,                              **ORDER**
                                                                                CV 01-6677(ARL)

      -against-

DEPARTMENT OF VETERANS AFFAIRS, et al.,

                           Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the court is the plaintiff's motion *in limine* seeking an order precluding the introduction of: (1) defendant's "Exhibit Z", which is identified in the parties' joint pretrial order as "[s]till photos of Zammillo for June 5,6,7,8,13,14,15,18,19,20,21,22, July 9, 10, 12, 13, 16, 2001"; and (2) defendant's "Exhibit AA", which is identified in the parties' joint pretrial order as "Videotapes of Surveillance for June 5-8, 2001; June 13-15, 18-22, 2001; July 9-13, 16 (2001) edited to show all activity by plaintiff and other VA employees and to remove portions of video tape where no activity occurs in the space under surveillance." Defendant has not opposed the application.

      This is an employment discrimination case brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 633 *et seq.* (the "ADEA"). Plaintiff claims that the defendant discriminated against him on account of his age in assigning him to a midnight shift and then retaliated against him for filing an administrative claim with the appropriate administrative agencies by changing the terms and conditions of his employment, and culminating in the termination of his employment. Defendant denies the allegations in their entirety and asserts that its decisions with respect to the plaintiff's employment were made for legitimate, nondiscriminatory reasons. More specifically, defendant claims that the plaintiff's dereliction of his duties and failure to be on site during his working hours resulted in the employment actions taken.

      Plaintiff argues that while defendant seeks to introduce the photographs to establish that the plaintiff was sleeping on the job, the photos do not depict the plaintiff sleeping. In addition, plaintiff argues that defendant's failure to turn over all photographs taken of the plaintiff should preclude the introduction of the photographs selected by the defendant. Plaintiff also argues that the photographs are cumulative and would likely confuse and mislead the court. Turning next to the videotapes, the plaintiff objects to their introduction because the defendant has not produced a copy of the actual tapes that will be offered at trial. In addition, the plaintiff asserts that the tapes will likely be cumulative.

Notwithstanding the fact that plaintiff's motion is unopposed, it is **DENIED**. The court finds that the photographs and videotapes are relevant to the issues in this case and accordingly, they are admissible. However, the defendant is directed to produce all photographs and videotape depicting the plaintiff, to the extent it has not already done so, by **October 12, 2006**.

Dated: Central Islip, New York
October 6, 2005

**SO ORDERED:**

/s/
_____
ARLENE R. LINDSAY
United States Magistrate Judge